UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANNE BREWE | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. |
|  | ) | |
| CENTRAL CREDIT SERVICES, | ) | |
| INC. | ) | |
| Defendant, | ) | |
|  | ) | |

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

**INTRODUCTION**

1. This is an action for actual and statutory damages brought by Plaintiff Ann Brewe, an individual consumer, against Defendant's violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred. Since a substantial part

1

of the events or omissions giving rise to the claim occurred here, personal jurisdiction is established.

## PARTIES

4.  Plaintiff, Anne Brewe (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, with a permanent residence in Glenview, Cook County, Illinois 60026.

5.  Defendant, Central Credit Services. Inc. (hereinafter "Defendant") is a debt collection company with corporate headquarters located at 9550 Regency Square Boulevard, Suite 602, Jacksonville, Duval County, Florida 32225.

6.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.  Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8.  Upon information and belief, Defendant was attempting to collect and demand payment for an alleged student loan owed that the Plaintiff co-signed for on behalf of a college roommate.

9.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

10. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant Central Credit Services, Inc.

11. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff husband's office.

12. Upon information and belief, Defendant agent Elizabeth Strein called Plaintiff husband's at his workplace on or about February 25, 2013, trying to collect on an alleged consumer debt of the Plaintiff.

13. Defendant agent bypassed Plaintiff husband's voicemail, requesting operator assistance to locate Plaintiff's husband.

14. Defendant agent's provided details as to Plaintiff's alleged consumer debt to husband's office/secretary.

15. Defendant's agent left her name (i.e., Elizabeth Strein), telephone number (904-371-5239), and collections reference number (7790812) with Plaintiff husband's office/secretary.

16. On or about February 25, 2013, Defendant's agent Elizabeth Strein, in connection of the alleged debt, contacted Plaintiff from telephone number 866-396-7191, and threatened to seize Plaintiffs car.

17. Defendant has no standing to commence seizure proceedings on behalf of the creditor.

18. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in seizure.

19. The representations made to Plaintiff by Defendant regarding seizure were false.

20. On February 25, 2013, Defendant's agent Elizabeth Strein, in connection of the alleged debt, contacted Plaintiff from telephone number 866-396-7191, and threatened to place a lien on Plaintiff's home.

21. Defendant has no standing to commence attachment proceedings on behalf of the creditor.

22. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in attachment.

23. The representations made to Plaintiff by Defendant regarding attachment were false.

24. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

25. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

26. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

27. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

28. Plaintiff Anne Brewe incorporates paragraphs 1-27.

29.  Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a)    Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (b)    Defendant violated §1692e of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (c)    Defendant violated §1692e(4) of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in attachment of any property of any person when such action is unlawful and the Defendant does not intend to take such action; and

    (d)    Defendant violated §1692e(4) of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

    (e)    Defendant violated §1692e(5) of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

    (f)    Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(g) Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

30. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Anne Brewe, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff Anne Brewe requests that the Court grant the following relief in favor of Plaintiff and against Defendant:

    a. Actual and statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other and further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT 225 ILCS 425/1, *et seq*.

32. Plaintiff Anne Brewe incorporates paragraphs 1-27.

33. Defendant is a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq*.

34. Defendant violated the following provisions of 225 ILCS 425/9:

… (12) Threatening the seizure, attachment or sale of a debtor's property where such action can only be taken pursuant to court order without disclosing that prior court proceedings are required.

…(17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law.

…(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.

35. Plaintiff was damaged as a result.

**WHEREFORE**, Plaintiff Anne Brewe requests that the Court grant the following relief in favor of Plaintiff and against Defendant:

    a. Compensatory and punitive damages;

    b. Costs;

    c. Such other and further relief as the Court deems proper.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

36. Plaintiff Anne Brewe incorporates paragraphs 1-27.

37. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by unlawfully calling Plaintiff husband's at his place of employment, without Plaintiff's consent, after having been given reason to know this inconvenienced Plaintiff and Plaintiff's husband and was prohibited by Plaintiff's employer, and thereby invaded Plaintiff's right to privacy.

38. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

39. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

40. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

41. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

**WHEREFORE**, Plaintiff Anne Brewe requests that the Court grant the following relief in favor of Plaintiff and against Defendant:

    a.    Actual, including general damages;

    b.    Punitive damages;

    c    Costs of suit;

    d.    Such other and further relief as the Court deems proper.

**COURT IV**
**VIOLATED §2 OF THE ILLINOIS**
**CONSUMER FRAUD ACT, 815 ILCS 505/2.**

42. Plaintiff Anne Brewe incorporates paragraphs 1-27.

43. Defendant engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by engaging in the conduct described above.

44. Defendant engaged in such conduct in the course of trade and commerce.

45. Defendant engaged in such conduct for the purpose of obtaining money from Plaintiff.

**WHEREFORE**, Plaintiff Anne Brewe respectfully requests that judgment be entered against Defendant for the following:

      a.    Actual damages;

      b.    Punitive damages;

      c.    Attorney's fees, litigation expenses and costs of suit;

      d.    Such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Anne Brewe demands trial by jury in this action.

Dated: August 28, 2013                                         Respectfully submitted,

                                                                   By /s/ Sean M. Mines

                                                                   Sean M. Mines
                                                                   Attorney for Plaintiff
                                                                   Mines Law Office, LLC.
                                                                   1046 West Kinzie Street
                                                                   Suite 300
                                                                   Chicago, Illinois 60642
                                                                   Phone: (773) 525-6860
                                                                   Fax: (773) 525-6860
                                                                   sean@mineslawoffice.com